FILED

MAR 18 2019

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>BIG SKY DIAGNOSTIC IMAGING, INC.,<br><br>Defendant. | Cause No.: CV 17-54-SPW-TJC<br><br>**ORDER** |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed on January 30, 2019. (Doc. 44). Judge Cavan recommends this Court grant Capitol Specialty Insurance Corporation's motion for summary judgment and deny Big Sky Diagnostic Imaging, Inc.'s cross-motion for summary judgment. (Doc. 44 at 31).

## I. Standard of review

Big Sky filed timely objections to the findings and recommendation. (Doc. 47). Big Sky is entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which it properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

## II. Background

Big Sky objects to Judge Cavan's legal conclusions. Big Sky does not object to Judge Cavan's facts section. Judge Cavan's facts section is adopted in full.

## III. Discussion

Big Sky makes several objections to Judge Cavan's legal conclusions. First, Big Sky objects to the conclusion the notice-prejudice rule does not excuse the untimely report of the claim. Second, Big Sky objects to the conclusion the claim is not covered when Big Sky had seamless policy coverage. Third, Big Sky objects to the conclusion a claim was made on September 4, 2015. Fourth, Big Sky objects to the conclusion equitable principles do not establish coverage.

The Court has reviewed the cross-motions for summary judgment and accompanying briefs, Judge Cavan's findings and recommendation, Big Sky's objections, and Capitol Specialty's response to the objections, and agrees with Judge Cavan in full on every issue raised by Big Sky.

## IV. Conclusion and Order

It is hereby ordered:

1. Judge Cavan's findings and recommendation are adopted in full;
2. Big Sky's objections are denied;

3. Capitol Specialty's motion for summary judgment (Doc. 21) is granted;

4. Big Sky's motion for summary judgment (Doc. 26) is denied;

5. Capitol Specialty is entitled to reimbursement for its attorney fees and costs incurred in defending the claim. Capitol Specialty is required to comply with the requirements of Federal Rule of Civil Procedure 54(d) to recoup its expenses but does not need to relitigate the issue of whether attorney fees and costs are due.

6. The Clerk of Court is directed to enter judgment in favor of Capitol Specialty.

DATED this 18th day of March, 2019.

_Susan P. Watters_
SUSAN P. WATTERS
U.S. District Court Judge