Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | ) Cause No.: CV 17-54-SPW-TJC |
| | ) |
| Plaintiff, | ) |
| Counter-defendant, | ) **DECLARATION OF** |
| | ) **HANNAH STONE, Esq.** |
| vs. | ) |
| | ) |
| BIG SKY DIAGNOSTIC IMAGING, INC., | ) |
| | ) |
| | ) |
| Defendant/ | ) |
| Counterclaimant | ) |

I, Hannah Stone, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am over the age of 18 and competent to be a witness in this case.

Attached hereto as Exhibit A is a true and accurate copy of my resume setting

forth my education, experience and court admissions.

2.      I have been engaged by Big Sky Diagnostic Imaging, Inc. ("BSDI") to review the fee recoupment claim of Capitol Specialty Insurance Corporation ("CSIC").

3.      I have experience litigating cases alleging professional negligence, including defending insureds in claims involving medical malpractice and failure or delay in diagnosis.

4.      Patricia and Greg Harby filed the Underlying Lawsuit against BSDI and Dr. Jesse Cole on September 14, 2016. CSIC accepted defense of BSDI, engaging the Crowley Fleck law firm for that purpose. Dr. Cole separately was represented by the Browning, Kaleczyc, Berry & Hoven ("BKBH") law firm.

5.      The Harbys dismissed their claims against BSDI with prejudice in March 2018, without any payment by CSIC or BSDI to the Harbys.

6.      During the period December 2, 2016 to March 9, 2018 when the claims against BSDI were dismissed, Crowley Fleck filed one (1) substantive pleading, a motion for protective order (excluding unopposed non-substantive motions).   During that time Crowley Fleck participated in (9) nine depositions. Crowley Fleck promulgated three (3) sets of written discovery and responded to one (1) set of written discovery.

7.      I have been provided by the office of counsel for BSDI with the following breakdown of the fees claimed by CSIC:

| Category | Total Hours | Total Fees |
|---|---|---|
| Review of medical records, prepare chronology, | 198.5 | $24,721 |
| Analyze issues, case strategy, research | 542.4 | $113,830.95 |
| Communications with Dr. Cole's counsel | 32.1 | $7,447.50 |
| Communications with plaintiff's counsel | 11.8 | $2,796.00 |
| Communications with BSDI/Popovich | 19.2 | $4,392.00 |
| Reports to CSIC | 143.5 | $29,212.50 |
| Communications with CSIC | 13.7 | $3,120.00 |
| Experts | 232.7 | $50,941.00 |
| Non-substantive pleadings | 5.6 | $1,227.00 |
| Substantive Pleadings | 48.4 | $9,911.50 |
| Written Discovery | 283.4 | $49,642.50 |
| Depositions | <u>169.1</u> | <u>$36,392.00</u> |
| TOTAL | 1,700.40 | $333,633.95 |

8. When determining what constitutes a reasonable attorney fee award, a non-exclusive list of factors to be considered includes: (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys. *Houden v. Todd*, 2014 MT 113, ¶¶ 37, 375 Mont. 1, 324 P.3d 1157 (citing *Plath v. Schonrock*, 2003 MT 21, ¶36 , 314 Mont. 101, 64 P.3d 984) (commonly referred to as the "*Plath* factors.").

9. In my opinion the attorney fees based upon the billing statements of the Crowley Fleck law firm exceed those reasonably incurred in the defense of a matter of similar proportion and duration, as follows:

a. *The amount and character of services and time rendered*: Based upon my review of the billing statements submitted in support of the request for an award of attorney fees, it is my opinion a portion of the time and fees shown in those statements is redundant and excessive, and consequently merits a downward adjustment in the fee claim. For example, Crowley Fleck billed 542.4 hours ($113,830.95 in fees) attributed to "analyze issues, case strategy, research." Given the size and

complexity of the case and legal issues, this amount exceeds that typically incurred in similar matters in which no novel issues are presented, no motion practice is engaged in, and no trial takes place. Further, there are multiple entries for attorney time, both partner and associate, that duplicate entries for the same activity, such as researching, reviewing and analyzing the same legal issue. A downward adjustment in this category is merited.

Further, $49,642.50 in fees, or 283.4 hours, were incurred for written discovery. Given only three sets of discovery was issued and only one set responded to, neither of which surpassed the amount of requests authorized by the Rules of Civil Procedure, 283.4 hours exceeds amounts typically incurred for conventional requests and responses as described by the discovery. This amount is in addition to $24,721 or 198.5 hours devoted to "reviewing of medical records, chronology," which appears to be duplicative of later entries devoted to responding to discovery.

The billing statement from Crowley Fleck additionally shows approximately 143.5 hours between multiple attorneys spent on reports to CSIC, for a total of $29,212.50 in fees. Given the reporting requirements of CSIC are not dispositive of issues in the case, and not a necessary function of the defense of the claim, this amount warrants deduction.

It may well be that such time expended was not excess or redundant, however this amount of time exceeds that typically seen in a case of this magnitude. As such, a downward adjustment is justified.

b. *The labor, time and trouble involved*: The Crowley Fleck firm was involved in the claim for fifteen months. While nine depositions were conducted, no dispositive motions or other motions were filed.[1] No discovery disputes are reflected, nor were third party claims or counter-claims envisioned. As such, the time and labor involved is not reflective in a matter if similar scope and size, meriting a decrease in fees.

c. *Character and importance of the litigation*: Based upon a review of the Complaint, as well as the Answers of BSDI and Dr. Cole, the character of the underlying litigation was a relatively straightforward professional negligence claim, and a straightforward loss of consortium claim. The Complaint does not present any unique or obscure basis for claimed relief. Further, as the result of the litigation was a settlement and dismissal without substantive or dispositive filings or motion practice, it does not establish a unique or new point of law in Montana was present in the matter. To this end, the Crowley Fleck firm incurred 232.7 hours or $50,941.00 for work devoted to "experts," which includes several out-

---

[1] A comparison of the parallel amounts incurred by BKBH is discussed below.

of-state flights to attend brief in-person meetings with expert witnesses, which is atypical of Montana practitioners who frequently utilize telephone or video conferencing for out-of-state expert consultations. Considering this factor, I find the fees charged are excessive.

d. *Amount of money or value of property affected*: The Harbys initially alleged damages in the amount of $204,000.00 in medical expenses, $1,300.00 in out of pocket expenses, and $7,293.00 in relocation expenses. Plaintiffs further alleged non-economic damages in the amount of $1,500,000, however such damages are subject to Montana's non-economic damage cap of $250,000. Mont. Code Ann. § 25-9-411. Given the case resolved without any payment by CSIC or BSDI to the Harbys, thus a considerable reduction from the amounts alleged, and substantially less than the fees incurred, under this factor, I find the fees charged are excessive.

e. *The professional skill and experience called for*: Discussed *supra*, neither the Complaint nor BSDI's Answer present any esoteric or unique litigation issues requiring the skill and experience possessed by a discreet subset of attorneys, whether located in Montana or elsewhere. As such, this factor does not support the amount of fees charged, and merits a downward reduction.

f. *Attorney character and standing*: There is no basis to question the character of any of the principal attorneys representing BSDI (Mr. Olivier, Mrs. Laslovich, or Ms. Wilmot); nor is there any basis to question the standing of these attorneys in the legal profession – all are competent, knowledgeable attorneys.

g. *Results secured*: BSDI's attorneys secured favorable result without mediation, yet achieved dismissal of the underlying suit with prejudice. This result was secured before any substantive briefing commenced. To that end, Crowley Fleck incurred 48.4 hours, or $9,911.50 for "substantive motions," yet the records indicate the only motion was an unopposed protective order, again meriting a reduction.

10. In review of the billing invoices produced by the BKBH firm, which represented Dr. Cole individually in the same action, a total of $155,874.50 in fees (871.1 hours) were incurred. However, $16,920.00 in fees were incurred during BKBH's representation of Dr. Cole at the medical legal panel, and as such only $138,954.50 (762.3 hours) was incurred following the filing of the Harbys' civil claim. BKBH attended 12 depositions, retained two experts, and like Crowley Fleck did not file any dispositive motions, however, it did engage in motion practice. BKBH remained in the lawsuit for five months following the dismissal of BSDI, attended three more depositions than Crowley Fleck, and

resolved the case following formal mediation. Applying the same analysis to the claim for attorney fees made by Crowley Fleck, as compared to those incurred by BKBH, it is my opinion that the fees incurred by the BKBH firm represents a reasonable sum for attorney fees given the *Plath* factors, and as such the amounts incurred by Crowley Fleck merit a downward adjustment given the parallel nature of the work performed.

11.    In sum, it is my opinion that a portion of the time and fees shown in the billing statements provided by Crowley Fleck exceed amounts typically generated in a claim of similar nature, and thus merit a downward adjustment to an amount commensurate with the fees billed by BKBH, for a reasonable total of $138,954.50 (762.3 hours).

I declare under penalty of perjury and the laws of the State of Montana that the facts set forth above are true and correct.

DATED this ___ day of April, 2019.

_____
Hannah Stone, Esq.

# EXHIBIT A

# Hannah Stone
### Milodragovich, Dale & Steinbrenner, P.C.

(406) 728-1455      hstone@bigskylawyers.com

## Shareholder

---

## Education

### Doctor of Jurisprudence
University of Montana School of Law, Missoula, Montana, 2010

♦ ♦ ♦

### Bachelor of Arts in Communication Studies, *cum laude*
Communication Studies
California State University Northridge, 2005

## Legal Experience

### ATTORNEY/SHAREHOLDER
Milodragovich, Dale & Steinbrenner, P.C., Missoula, Montana, October 2010 – Present
- Represents insureds in personal injury, liquor liability, employment and medical negligence lawsuits
- Serves as counsel and consultant for businesses and non-profits regarding employment and human rights issues
- Represents insurers in analyzing coverage and defending coverage claims by insureds and third parties
- Oral advocacy at hearings and trials
- Multiple appearances before the Montana Medical Legal Panel
- Strong research and writing skills at both the district and appellate phases of litigation

### LEGAL INTERN
University of Montana Criminal Defense Clinic, Missoula, Montana, August 2009 – May 2010
- Represent clients in misdemeanor criminal defense cases; represent clients in federal criminal appeals
- Court appearances and jury trials
- Research and drafting Federal Appellate motions and briefs

## Memberships & Admissions

- Western Montana Bar Association (President 2016-2017)
- American Bar Association
- All U.S. District Courts in Montana
- State Bar of Montana
- The Harmonie Group
- CLM, member
- 9th Circuit Court of Appeals

## Community Involvement

- Substitute Justice of the Peace, Missoula County Justice Court, Missoula MT
- *Of Counsel,*, Children's Museum Missoula, Missoula MT
- *Of Counsel,* Tamarack Grief Resource Center, Missoula, MT