IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURACNE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>BIG SKY DIAGNOSTIC IMAGING, LLC,<br><br>Defendant. | CV 17-54-BLG-SPW-TJC<br><br>**ORDER** |

On March 18, 2019, the Court ruled that Plaintiff Capitol Specialty Insurance Corporation ("Capitol Specialty") did not have a duty to defend Defendant Big Sky Diagnostic Imaging, LLC ("Big Sky") in an underlying medical malpractice action. (Doc. 50.) The Court further ruled that Capitol Specialty was entitled to reimbursement for its attorney fees and costs incurred in defending the underlying claim. (*Id.*) The Court directed Capitol Specialty to file a motion under Federal Rule of Civil Procedure Rule 54(d) to recoup its expenses, but stated Capitol Specialty would "not need to relitigate the issue of whether attorney fees and costs are due." (*Id.*)

Subsequently, Capitol Specialty filed a Motion for Attorney Fees and a Motion to Supplement Motion for Attorney Fees. (Docs. 52, 61.) Big Sky has

1

filed a response. (Doc. 64.) Having considered the parties' submissions, the Court finds that a hearing is required to establish the fees and costs which are recoverable in this case.

## I. DISCUSSION

Capitol Specialty requests an award of $389,719.93 for the attorney fees and costs it expended in providing a defense to Big Sky in the underlying malpractice action. Big Sky does not contest that Capitol Specialty is entitled to reimbursement; nor does Big Sky contest that Capitol Specialty paid that amount to defend the underlying litigation. Rather, Big Sky argues the defense fees Capitol Specialty incurred were excessive. Big Sky asserts that Capitol Specialty controlled the defense of Big Sky and allowed the attorney fees to spiral out of control. Big Sky contends the fees awardable to Capitol Specialty should be reduced to $138,000.00.

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Accordingly, Montana law will be applied to determine the amount of attorney's fees recoverable by Capitol Specialty in this case. The procedure is governed by Fed. R. Civ. P. 54(d).

In general, Montana law provides that an award of attorney must be

reasonable. *Folsom v. City of Livingston*, 381 P.3d 539, 547 (Mont. 2016). The reasonableness of attorney's fees depends on the facts of each case, which includes consideration of the following nonexclusive factors:

> (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys.

*Plath v. Schonrock*, 64 P.3d 984, 991 (Mont. 2003).

Big Sky argues the Court should engage in a reasonableness inquiry, and consider the *Plath* factors in determining the reasonableness of the attorney fees incurred by Capitol Specialty.

Capitol Specialty counters that such an analysis is misplaced in this case. It maintains that cases which require a reasonableness inquiry all arise in "a different context where attorney fees of one party were being shifted to an opposing party." (Doc. 65 at 5.) Capitol Specialty argues that this is not a fee-shift case; rather, it is simply seeking reimbursement for Big Sky's own attorney fees and costs incurred in defending the underlying action. *Id.*

A brief background is important to an understanding of this issue. The Montana Supreme Court has held that when an insurer believes a question exists about the boundaries of coverage, the insurer should provide the insured a defense under a reservation of rights, and then file a declaratory judgment action to resolve

3

the coverage issues. *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 386 (Mont. 2004). If an insurer follows this procedure and ultimately prevails on the coverage issue, it may seek reimbursement of defense costs if the insurer "(1) timely and explicitly reserved the right to recoup the costs; and (2) provided specific and adequate notice to the insured of the possibility of reimbursement." *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 480 (Mont. 2005) (*Ribi)*.

Capitol Specialty adhered to the Montana Supreme Court's directives in this case. It provided a defense to Big Sky in the underlying action; it did so under a reservation in which it "specifically reserve[d] the right to seek recoupment or reimbursement of any defense costs it expends in defending the [underlying] action, should a court subsequently determine there is no coverage under the policy for the [underlying] claims" (Doc. 22-5 at 4); and it filed this declaratory judgment action in which it was determined that Capitol Specialty had no duty to defend Big Sky in the underlying case (Doc. 50).

Having fully complied with the prescribed procedure, Capitol Specialty seeks to recover the full amount of fees and costs incurred in defending the action, without requiring that it establish the reasonableness of the expenses. Capitol Specialty points out that the Montana Supreme Court has recognized an insurer's right to recoup its costs and fees under a reservation of rights in two cases, without

any reference to a reasonableness analysis requirement. See, *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013) (*Hanke*) (the insurer may seek to recover "the expenses that the insurer incurred" in defending the insured against the uncovered claims); and *Ribi Immunochem Research, Inc.*, 108 P.3d at 480 (an insurer "may recoup its defense costs"). Capitol Specialty also observes that this Court has similarly awarded full reimbursement of defense costs to an insurer in these circumstances, without engaging in a reasonableness analysis. See, *American Econ. Ins. Co. v. Aspen Way Enters*, 2015 WL 7871337 (D. Mont Dec. 4, 2015), *aff'd Am. Econ. Ins. Co. v. Aspen Way Enters., Inc.*, 695 F. Appx. 194. 196-97 (9th Cir. May 26, 2017) (stating "[u]nder Montana law, [the insurers] were entitled to recoup defense costs because [the insured] 'implicitly accepted' their defense under a reservation of rights."). It does not appear that the reasonableness of the attorney fees was contested in these cases, however.

Capitol Specialty's argument also finds support from decisions of other federal courts which have expressly held an insurer may recover all its defense costs after defending under a reservation of rights. In *Cincinnati Ins. Co. v. Grand Pointe, LLC*, 501 F.Supp.2d 1145 (E.D. Tenn. 2007), for example, the court held an insurer did not have a duty to defend or indemnify the defendants in an underlying case. Thereafter, the court held the insurer was entitled to reimbursement of "*all* of the defense costs" it spent on behalf of the defendants.

5

*Id.* at 1172 (emphasis added). The court declined to conduct a "line-by-line scrutiny" of the insurer's expenditures, recognizing there is a distinction between fee-shifting and recovery of actual expenses paid. *Id.* The court noted that "if the fees, expenses and costs of the defense were considered unreasonable by the [insureds] at the time they were incurred, it was incumbent upon them to raise the issue with their counsel and/or [the insurer]." *Id.* See also, *Century Sur. Co. v. 350 W.A. LLC*, 2008 WL 4402919 *5 (S.D. Cal. Sept. 26, 2008) (under California law an insurer may recover all its defense costs under a reservation of rights without "a showing that reimbursement is subject to a reasonableness standard"); *Certain Interested Underwirters at Lloyds, London*, 2012 WL 8013887 (M.D. Fla. Oct. 5, 2012) (applying Florida law and awarding all of the fees and costs paid under a reservation of rights without requiring a reasonableness inquiry). Other courts have at least indicated reimbursement of actual costs is appropriate.[1]

---

[1] See, *Scottsdale Ins. Co. v. Sullivan Prop., Inc.*, 2007 WL 2247795, *7 (D. Haw. Aug. 2, 2007) (holding the insurer was entitled to reimbursement of the total amount it expended in defending the insureds and explaining "[e]quitable principles weigh in favor of permitting an insurer to recoup defense costs it was never obligated to pay when the insured is clearly notified of the insurer's intention to do so and nevertheless accepts the defense."); *Resure Inc. v. Chemical Distrib., Inc.*, 927 F.Supp 190, 194 (M.D. La. 1996) (holding insurer was "entitled to reimbursement for all costs of defenses" after determining insurer had no duty to defend or indemnify insured); *Colony Ins. Co. v. G &E Tires & Serv. Inc.*, 777 So.2d 1034, (Fla. Dis. Ct. App. 2000) ("Having accepted [the insurer's] offer of a defense with a reservation of the right to seek reimbursement, [the insured] ought in fairness make [the insurer] whole, now that it has been judicially determined that no duty to defend ever existed."); *Knapp v. Commonwealth Land Title Ins.*

There have been several reasons advanced for treating these cases differently from fee-shifting cases.  First, unlike fee-shifting cases, where the recovering party may be motivated to maximize its recovery of attorney fees from the opposing party, there are market incentives which serve to contain the fees paid by an insurer to defend a claim.  That is, an insurer is unlikely to pay commercially unreasonable fees to defend a case when it is uncertain whether it will prevail on the coverage question, or whether it will ultimately be able to collect the fees paid from an insured.  See, *Lloyds*, *London* 2012 WL 8013887 at *4 ("it is implausible to think an insurer would pay a defense firm exorbitant fees, particularly when it may not be able to recover those fees from its insured.").  See also, *Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1075-76 (7th Cir. 2004) ("Because of the resulting uncertainty about reimbursement, [plaintiff] had an incentive to minimize its legal expenses (for it might not be able to shift them); and where there are market incentives to economize, there is no occasion for a painstaking judicial review.)

Additionally, courts have pointed out that the insured does not have to accept the insurer's terms when confronted with a reservation of rights.  As noted

---

*Co.*, 932 F. Supp. 1169, 1172 (D. Minn. 1996) ("[W]here an insurer has properly met its duty [to defend] and subsequently successfully challenges policy coverage, it should be entitled to the full benefit of such a challenge and be reimbursed for the benefits it bestowed, in good faith, to its insured.").

7

by the Sixth Circuit "[w]hen faced with a reservation of rights, the insured can choose to: 1) decline the offer, pay for the defense, and seek to recover on the policy; 2) decline the offer and file a declaratory judgment action; or 3) accept the offer subject to the reservation of rights." *United Nat. Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 921 (6th Cir. 2002). Therefore, if an insured is concerned about the insurer's ability to contain defense costs, the insured can simply reject the offer and pursue alternatives (1) or (2).

Moreover, courts have determined that after full compliance with procedures designed to protect the interests of its insured, an insurer should be made whole where it is determined it had no duty to defend. In short, after the insured has accepted the benefits of a fully paid defense without complaint about the cost of the services, an insured should not be allowed mount a full-scale audit and challenge the reasonableness of the fees. As stated by the court in *Cincinnati Ins. Co.*, 501 F.Supp.2d at 1172, if the insured considers the defense costs to be unreasonable, the insured should be required to timely raise objection.

While these may be sound reasons for treating reservation of rights cases differently, the Montana Supreme Court has never recognized any exception to its requirement that attorney fee recovery is subject to a reasonableness analysis. On the contrary, it has steadfastly adhered to the requirement, and has consistently recognized "[t]he proper determination of a legal fee is central to the efficient

administration of justice and the maintenance of public confidence in the bench and bar. *Plath*, 64 P.3d at 992 (quoting *Crncevich v. Georgetown Recreation Corp.,* 541 P.2d 56, 59 (Mont. 1975). It has also emphasized that the fee award must be based on competent evidence. "[I]n contested cases we are inclined to follow those states requiring the introduction of proof from which a reasonable fee may be determined. *To award a fee in such a case without proof would be to disregard the fundamental rules of evidence. An award of fees, like any other award, must be based on competent evidence. Id.* (Court's own emphasis.) See also, *DiMarzio v. Crazy Mountain Constr. Inc.*, 243 P.3d 718, 724 (Mont. 2010) (holding that even though the defendant was entitled to attorney's fees under a contract that did not expressly impose a reasonableness requirement, "that does not mean [the defendant] is entitled to *all* attorney's fees. The reasonable amount of attorney's fees awarded is left to the discretion of the district court.").

It is true that the Montana Supreme Court recognized an insurer's right of reimbursement in these circumstances in both *Ribi* and *Hanke* and did not mention a reasonableness requirement. But as noted above, it also appears the issue of reasonableness was not before the court in either case; the insured contested the right of the insurer to reimbursement, not the reasonableness of the attorney fees paid. Therefore, the Montana Supreme Court has never squarely addressed this issue.

Nevertheless, the unique aspects of reservation of rights cases can be taken into consideration within the framework established by the Montana Supreme Court for determining the reasonableness of fees and costs. The Montana Court has repeatedly stated that the *Plath* factors are not exclusive, and a court may consider other relevant considerations in determining the reasonableness of fees and costs. See e.g., *Fedig Oil Co. v. ROC Gathering, LLP*, 432 P.3d 118, 124 (Mont. 2018) ("the trial court may consider additional factors when determining what constitutes a reasonable attorney fee award"). Therefore, in reservation of rights cases, a court may consider that the fees were paid by the insurer under circumstances where market incentives existed to economize litigation costs. The fact that the fees and costs were actually paid by the insurer without any assurance that they would ultimately be recovered, provides some assurance that the fees were within a commercially reasonable range. This consideration provides strong evidence of reasonableness in cases such as this.

In addition, a court can consider whether the insured had the option of retaining its own counsel, and then seek reimbursement of defense costs from the insurer. A court can also consider whether the insured was given notice of the fees being paid to defend the case, and whether the insured ever objected to those fees and costs during the defense of the case and/or sought to retain its own counsel because of the defense costs.

Therefore, a hearing is required to determine an appropriate award of fees and costs. In making this determination, the Court will consider the *Plath* factors, the additional factors unique to reservation of rights cases discussed above, and any additional relevant considerations which may be presented by the parties.

## II. ORDER

Based on the foregoing, **IT IS ORDERED** that a hearing will be held on the question of attorney's fees and costs to be awarded in this case. The Court will conduct a telephonic Scheduling Conference on **November 19, 2019 at 11:00 a.m.** to set a date and time for the hearing. Lead trial counsel for the respective parties are required to participate in the conference. Counsel shall use the Court's conferencing system:

    a.    Dial 1-877-848-7030

    b.    Enter Access Code 5492555 #

The parties shall be prepared to discuss what evidence they anticipate introducing at the hearing, and whether the parties anticipate submitting any further pleadings or affidavit's prior to the hearing.

DATED this 12th day of November, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge